UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHAN D. COLLAR,

    Plaintiff,

  v.              Case No. 22-cv-0907-bhl

BROWN COUNTY JAIL,

    Defendant.

---

# SCREENING ORDER

---

  Plaintiff Jonathan Collar, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Collar's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

  Collar has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Collar has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $26.00. Collar's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

  The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Collar, on July 6, 2022, while he was an inmate at the Brown County Jail, he was sanctioned for having powered milk at breakfast. As part of the sanction, his "federal mail"

2

was withheld and he was denied access to the law library for three days. Collar asserts that he filed many grievances on this issue and, as a result, for one day he "was forced to eat in unregulated quarters designed to seat one person but forced to share one seat/table in unhygienic space." Dkt. No. 1 at 1-2.

Collar further asserts that, on July 31, 2022, he reported to officers that two inmates had "sexually harassed" him. Collar explains that his concerns were ignored because he refused to identify the inmates. He states that after he mentioned he was trying to handle things the right way rather than fighting, which is what he wanted to do, he was sent to segregation for making threats and his mail was again withheld and he was denied access to the law library. Dkt. No. 1 at 3-4.

Finally, Collar asserts that ranking officers have stolen his personal items, which they call contraband even though it is not. He states that they regularly single him out because he files grievances. Dkt. No. 1 at 4.

### THE COURT'S ANALYSIS

Collar's complaint falls short in several ways. First, the complaint fails to state a claim because Collar names only the Brown County Jail as a Defendant, and the jail cannot be sued. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Because Collar does not sue a proper defendant, his complaint fails to state a claim.

Second, Collar's complaint appears to improperly bring unrelated claims in a single lawsuit. Under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

It is not clear from Collar's complaint if the various alleged incidents involve all the same individuals, but if they do not, he must bring them in separate lawsuits. Collar's purported claim that he was denied his legal mail and access to the law library is unrelated to his purported claim that officers failed to protect him from inmates who were harassing. And both of those claims are unrelated to his purported claim that officers retaliated against him for filing grievances by taking his personal property. Under Rule 18, those claims can be joined in a single lawsuit if all the same individuals were involved in all the claims, but if different individuals were involved, then the claims must be brought in separate lawsuits. As a reminder, Collar will be required to pay the filing fee for every lawsuit he brings.

The Court will allow Collar to file an amended complaint that names proper defendants and complies with Rules 18 and 20. As he decides which of his claims he would like to pursue, the Court reminds him that, under §1983, only individuals who were personally responsible for a constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). In other words, there is no vicarious liability under §1983, so supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, Collar must identify as defendants the person or people who were personally involved in the claim he chooses to pursue. If Collar does not know a person's name, he can use a John Doe placeholder. If he is allowed to proceed with a claim against a Doe Defendant, he will be able to use discovery to learn the name of the Doe Defendant.

Collar should also take care to comply with Rule 8 and include enough factual allegations to allow the Court to reasonably infer that an individual violated his rights as he asserts. Legal conclusions are insufficient to state a claim. So, for example, if Collar were to allege in his amended complaint that his rights were violated because his federal mail was withheld, he should include factual allegations about who withheld his mail, why the mail was withheld, what the contents of the mail were, how long it was withheld, and how he was harmed. *But see Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment."); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (same).

The Court will provide Collar with an amended complaint form, which he must use. *See* Civil L. R. 9(b). If he chooses to file an amended complaint, he must do so by **October 17, 2022**.

If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the Court why he is unable to do so), the Court will dismiss this case based on his failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Collar's motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 17, 2022**, Collar shall file an amended complaint curing the defects in the original complaint as described in this decision. If Collar does not file an amended complaint or explain why he is unable to file one by the deadline, the Court will dismiss this action based on Collar's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Collar a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Collar shall collect from his institution trust account the $324.00 balance of the filing fee by collecting monthly payments from Collar's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Collar is transferred to another institution, the transferring institution shall forward a copy of this Order along with Collar's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Collar is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Collar is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 16, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge