JONATHAN D. COLLAR,

        Plaintiff,

        v.                                       Case No. 22-cv-0907-bhl

BROWN COUNTY SHERIFF'S DEPARTMENT,
OFFICER FOX,
C. LEE,
CPL PELISCHEK,
CPL R. LEYERDECKER,
C. GEIBEL, and
B. LAURENT,

        Defendants.

## SCREENING ORDER

Plaintiff Jonathan Collar, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was he was incarcerated at the Brown County Jail. On September 16, 2022, the Court screened Collar's complaint and allowed him to file an amended complaint, which he did about a week later. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). "The

pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Collar, on June 15, 2022, he informed Defendant Fox that he was scared and did not feel safe. Collar asserts that Fox told him that he had broken jail rules six weeks earlier, so his safety didn't matter. Collar believes that Fox ignored his concerns because Collar regularly filed grievances. Collar assert that, on August 1 and again on August 3, 2022, he informed Defendants C. Lee, Cpl. Pelischek, and Cpl. Leyerdecker that he didn't feel safe and was being sexually harassed by two individuals. Collar states that the officers told him nothing would be done unless Collar revealed the names of the two individuals. Collar insisted they move him to a different cellblock first so he wouldn't be labeled a snitch. According to Collar, he was told to sit near the officer station or stay in his cell if he felt unsafe. Collar believes the officers did not want to move him to a different unit because it would require paperwork. He also believes that Leyerdecker didn't like him because he had filed many grievances against staff.

Also on August 3, 2022, Collar expressed his concerns to Defendant C. Geibel. Collar explains that he told her that leaving him in his cellblock "would become hazardous to [him] and the queers sexually molesting [him]." He asked "why they would rather see violence while ignoring protecting [his] rights by law." Collar explains that she asked him if he would like to

2

move, to which he said yes.  According to Collar, she then spoke to the housing corporal (not a Defendant) and decided to move him to segregation for making threats to others.  Collar highlights that he had filed many grievances against Geibel; he believes she wanted him to go to segregation.

Finally, Collar asserts that after he was sent to segregation, Defendant Laurent denied his grievance and appeal.  Collar explains that, while in segregation, he was denied access to the law library and his mail was withheld for six days.

### THE COURT'S ANALYSIS

Collar fails to state a claim against Fox, Lee, Pelischek, Leyerdecker, and Geibel based on allegations that they refused to move him to a new cellblock after he told them he felt unsafe.  It appears that Collar was a convicted prisoner at the relevant time, *see* WISCONSIN CIRCUIT COURT ACCESS, *https://wcca.wicourts.gov/case.html*, Marinette County Case No. 2022CF13, so his claim would arise under the Eighth Amendment.   In order to state a failure-to-protect claim, a plaintiff must allege that he faced a substantial risk of serious harm and that the defendant was deliberately indifferent to that risk.  *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005) (citations omitted).  The Seventh Circuit has explained that the risk must be so great that the harm is almost certain to materialize if nothing is done.  *Id*. at 911.  To satisfy the subjective prong, a plaintiff must allege that the defendant was both "aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists" and that the defendant "dr[ew] the inference." *Id*. at 913.

Collar asserts that he told Fox, Lee, Pelischek, Leyerdecker, and Geibel that he felt unsafe and that he was being sexually harassed, but he specifically concedes that he refused to disclose the names of the people who he asserts were threatening him.  Collar implies that the officers should have simply believed him and acted on his vague and non-specific concerns, but "prison guards are neither required nor expected to believe everything inmates tell them." *Olson v.*

3

*Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). According to Collar, the officers attempted to investigate his assertions by asking for additional information that he refused to provide. Their failure to act in the face of vague and generalized threats and Collar's refusal to provide additional information does not demonstrate that they were deliberately indifferent to the risk he faced. In any event, Collar does not allege that his fears of an attack ever materialized. Thus, he "fails to state a claim on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Collar also fails to state a retaliation claim against Fox, Lee, Pelischek, and Leyerdecker based on his belief that they discounted his concerns about his safety because he had filed numerous grievances. To plead a retaliation claim, Collar needed to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Collar fails to satisfy the second element because the Court cannot reasonably infer that he suffered a deprivation that would likely deter First Amendment activity in the future. As already explained, these officers were not obligated to do as Collar demanded given his refusal to provide additional information that would have enabled them to investigate his concerns.

Collar does, however, state a retaliation claim against Geibel, who unlike the other officers who did nothing, placed Collar in segregation after he expressed his concerns. Collar asserts that Geibel intentionally misinterpreted his concerns as threats in order to punish him because he had

4

filed many grievances against her. At this stage, these allegations are sufficient for Collar to proceed on a retaliation claim against Geibel.

Next, Collar fails to state a claim against Laurent for denying his grievance and/or appeal. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Nor does he state a claim based on allegations that his mail was withheld and he did not have access to the law library for the six days he was in segregation. Collar asserts that he is a pro se litigator and needed access to his mail and the law library to pursue his cases, but "the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Because Collar does not allege that he suffered an actual injury (*i.e.*, that he lost a potentially meritorious claim) as a result of not having access to his mail and the law library for six days, he fails to state a claim.

Finally, Collar names the Brown County Sheriff's Department in his caption, but the Sheriff's Department is not a legal entity separable from the county government which it serves and therefore is not subject to suit. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

**IT IS THEREFORE ORDERED** that Brown County Sheriff's Department, Officer Fox, C. Lee, Cpl. Pelischek, Cpl. R. Leyerdecker, and B. Laurent are **DISMISSED** from this action because the amended complaint fails to state a claim against them.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon C. Geibel pursuant to Federal Rule of Civil Procedure 4.

Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that C. Geibel shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on October 4, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge